**NOTICE:** This order was filed under Illinois Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2026 IL App (3d) 260018-U

Order filed June 25, 2026

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2026

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-26-0018 Circuit No. 11-CF-2488 |
| | ) | |
| LEIVANTE ADAMS, | ) ) | Honorable Arkadiusz Z. Smigielski, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Justices Anderson and Bertani concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:    The court did not err in summarily dismissing defendant's postconviction petition at the first stage of proceedings.

¶ 2    Defendant, Leivante Adams, appeals from the summary dismissal of his postconviction petition. Defendant asserts that the Will County circuit court erred in dismissing his petition where he stated the gist of a claim of actual innocence. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4          On December 22, 2011, defendant was indicted for possession of contraband in a penal institution (720 ILCS 5/31A-1.1(b) (West 2010)), alleging that on or about July 27, 2011, he knowingly possessed a cell phone in Stateville Correctional Center. On October 13, 2012, defendant pleaded guilty to the amended charge of attempted possession of contraband in a penal institution (*id.* §§ 8-4(a), 31A-1.1(b)). The factual basis indicated that on July 27, 2011, defendant was serving a prison sentence at Stateville Correctional Center. A search of the cell that defendant shared with another inmate was completed. Officers discovered a cell phone, phone charger, and memory card in defendant's pillowcase. Sixteen photographs were recovered from the cell phone. The photographs were of defendant, which included tattoos that were unique to him. It was further discovered that a series of calls were placed from the cell phone in June and July 2011. Defendant was sentenced to three years' imprisonment to run consecutive to his existing sentence.

¶ 5          On March 6, 2025, defendant filed a postconviction petition raising a claim of actual innocence. Attached to the petition was an affidavit from his former cellmate, David Bentz, which stated that the cell phone, phone charger, and memory card were his possessions. Bentz averred that the bottom bunk was his and that officers located the items within his pillowcase. Bentz indicated that he informed officers that the items were his and defendant was not aware of their existence. Bentz was disciplined for the possession of these items. He later learned that defendant had been both disciplined and criminally charged for the possession of those items. Additionally, a disciplinary report was attached to the petition which detailed the search. It indicated that officers located a cell phone, phone charger, and memory card in the pillowcase on the bottom bunk. All the identifiable property contained on the bottom bunk belonged to defendant. The property, including a TV, radio, and mail, were all labelled with defendant's name.

¶ 6        On April 2, 2025, the court summarily dismissed the petition, finding that (1) the evidence provided by Bentz could have been previously discovered through due diligence; (2) the proffered testimony of Bentz did not clearly and convincingly demonstrate that a trial would probably result in defendant's acquittal; and (3) the proffered testimony does not undermine the court's confidence in the correctness of defendant's conviction. Defendant appealed.

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, defendant argues that his petition presented an arguable claim of actual innocence, sufficient to survive the first stage of postconviction proceedings. The Post-Conviction Hearing Act creates a procedure for imprisoned criminal defendants to collaterally attack their convictions or sentences based on a substantial denial of their rights under the United States Constitution, the Illinois Constitution, or both. 725 ILCS 5/122-1(a)(1) (West 2024). "At the first stage, the court must accept as true and liberally construe all of the allegations in the petition unless contradicted by the record." *People v. Walker*, 2019 IL App (3d) 170374, ¶ 13. A defendant need only state the gist of a constitutional claim, which is a low threshold. *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). "If the trial court finds in the first stage of proceedings that the petition is frivolous or patently without merit, it shall summarily dismiss the petition ***." *People v. Moore*, 2018 IL App (3d) 160271, ¶ 15. At the first stage, a petition may be dismissed as frivolous or patently without merit "only if the petition has no arguable basis either in law or in fact." (Internal quotation marks omitted.) *People v. Allen*, 2015 IL 113135, ¶ 25.

¶ 9        Defendant alleged actual innocence based on a newly discovered affidavit from Bentz who indicated that the contraband, and the bed on which it was found, belonged to him and not defendant. A claim of actual innocence following a plea of guilty requires a defendant to "provide new, material, noncumulative evidence that clearly and convincingly demonstrates that a trial

3

would probably result in acquittal." *People v. Reed*, 2020 IL 124940, ¶ 49. Here, the parties dispute whether the evidence is considered newly discovered, material, and whether it would arguably demonstrate, clearly and convincingly, that a trial on the matter would probably result in an acquittal.

¶ 10     First, we conclude that the evidence was arguably newly discovered. Newly discovered evidence is evidence that was unavailable at the time of trial and could not have been discovered sooner through due diligence. *People v. Coleman*, 2013 IL 113307, ¶ 96. While defendant shared a cell with Bentz and would know that Bentz had knowledge of the incident, Bentz was a similarly situated inmate and possessed a fifth amendment right against self-incrimination. No amount of diligence on defendant's part could have forced Bentz to provide such an affidavit violating that right if he did not choose to do so. See *People v. Edwards*, 2012 IL 111711, ¶ 38.

¶ 11     Next, we conclude that the evidence presented by defendant is arguably material. "Material means the evidence is relevant and probative of the petitioner's innocence." *Coleman*, 2013 IL 113307, ¶ 96. Here, the evidence presented avers that defendant did not possess any contraband or have any knowledge of their existence. Bentz's proposed testimony speaks to the matter for which defendant was convicted and is relevant to the question of his actual innocence.

¶ 12     However, we conclude that it is not arguable that the new evidence clearly and convincingly demonstrates that defendant would probably be acquitted at trial. Bentz's claims of ownership are rebutted by the record. "For new evidence to be positively rebutted, it must be clear from the trial record that no fact finder could ever accept the truth of that evidence, such as where it is affirmatively and incontestably demonstrated to be false or impossible ***." *People v. Robinson*, 2020 IL 123849, ¶ 60. The record reflects that all the identifiable items on the bottom bunk, including a TV, radio, and mail, were labeled with defendant's name. The 16 photographs

recovered from the cell phone all depicted defendant, including photographs of tattoos unique to defendant. Insofar as the evidence is not positively rebutted by the record, it presents no arguable basis in fact. While we may not make credibility determinations regarding the evidence at this stage, to determine whether there is an arguable basis in fact, we must still assess whether the factual allegations are irrational or wholly unbelievable. *People v. Jones*, 399 Ill. App. 3d 341, 362-63 (2010). Here, it is entirely irrational to believe that the bottom bunk, which contained numerous items belonging to defendant and no items belonging to Bentz, belonged to anyone other than defendant. It is equally impossible to believe that Bentz would possess a cell phone that contained only photographs of defendant and nothing involving himself. Accordingly, the court did not err in summarily dismissing defendant's petition where it contained no arguable basis in fact.

¶ 13                                     III. CONCLUSION

¶ 14            The judgment of the circuit court of Will County is affirmed.

¶ 15            Affirmed.